**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

---

**SUSAN SIMS, AS NATURAL MOTHER, NEXT FRIEND,**
**NEXT OF KIN AND ON BEHALF OF J.C. PAYNE, V, A MINOR AND**
**JAYDEN PAYNE, A MINOR AND**
**JAYDA PAYNE, A MINOR, AS MINOR CHILDREN**
**AND STATUTORY WRONGFUL DEATH BENEFICIARIES**
**OF J.C. PAYNE, IV, DECEASED,**

      **Plaintiff,**


**VS.**                           **CIVIL ACTION NO.:** _____

                                          **JURY DEMANDED**


**CITY OF MEMPHIS, TENNESSEE,**
**JOHN DOE AND/OR JANE DOE MEMPHIS POLICE OFFICER(S) AND**
**MEMPHIS LIGHT GAS & WATER AND**
**EARNEST CARTWRIGHT, SR.,**

      **Defendants.**

---

**COMPLAINT**

---

    Comes now the Plaintiff, Susan Sims, as Natural Mother, Legal Guardian, Next Friend,

Next of Kin and on behalf of and for the benefit of J.C. Payne, V, A Minor and Jayden Payne, A

Minor and Jayda Payne, A Minor, all as Minor Children and Tennessee Statutory Wrongful

Death Beneficiaries of J.C. Payne, IV, Deceased and for good cause alleges the following cause

of action against the Defendants, both jointly and severally and would respectfully state and

allege as follows:

1

Plaintiff files this action pursuant to all applicable laws, including but not limited to the

42 U.S.C. Section 1983, Fourth Amendment and Eighth Amendment to the United States

Constitution and the Tennessee Wrongful Death Statute codified at Tennessee Code Annotated

Section 20-5-101 et seq. and Tennessee Law.

## JURISDICTION AND VENUE

1.  This Honorable Court has concurrent jurisdiction for any action arising out of violations

of 42 U.S.C. Section 1983 and this action is brought pursuant to 42 U.S.C. Section 1983 and the

Fourth Amendment and the Eighth Amendment to the United States Constitution.  Further, this

Honorable Court has supplemental jurisdiction over Plaintiff's Tennessee state law claims

pursuant to 28 U.S.C. Section 1367.

2.   This Honorable Court has jurisdiction for this cause of action because the amount in

controversy exceeds $75,000.00 and the parties are citizens of different states pursuant to 28

U.S.C. Section 1332.

3.  Venue is proper before this Honorable Court pursuant to 28 U.S.C. 1391(b) because this

cause of action arose within Shelby County, Tennessee.

## PARTIES

4.  Plaintiff Susan Sims is an adult resident citizen of Southaven, Mississippi and

is the Natural Mother, Next Friend, Guardian and Next of Kin of J.C. Payne, V, A Minor and

Jayden Payne, A Minor and Jayda Payne, A Minor, all as the Minor Children and Tennessee

Statutory Wrongful Death Beneficiaries of J.C. Payne, IV, Deceased.  Plaintiff, on behalf of the

Minor Children, is the proper party and has Tennessee statutory authority and priority to file this

Wrongful Death lawsuit pursuant to T.C.A. Section 20-5-101 <u>et seq</u>. including but not limited to

T.C.A. Sections 20-5-106 and 2-5-107 and any other applicable law.

5.   Plaintiff, on behalf of the Minor Children, files this cause of action against the Defendants

for the Wrongful Death, constitutional violations and Tennessee state law violations and

resulting damages suffered by J.C. Payne, IV on September 23, 2020 in Memphis, Tennessee.

6.   J.C. Payne, IV, Deceased was a citizen of Shelby County, Tennessee prior to his

premature death on September 23, 2020.

7.   J.C. Payne, IV, Deceased was not married and left no spouse on the date of his death of

September 23, 2020.

8.   J.C. Payne, IV, Deceased is the natural father of Plaintiff Minor Children, J.C. Payne, IV,

A Minor, Jayden Payne, A Minor and Jayda Payne, A Minor, who are the proper parties with

priority to file this cause of action through Plaintiff Susan Sims, their Natural Mother, Next

Friend and Next of Kin and Guardian.

9.   Defendant City of Memphis, Tennessee is a municipality and a political subdivision of the

State of Tennessee.  Defendant City of Memphis, Tennessee may be served with process through

Mayor Jim Strickland at 125 North Main Street, Room 700, Memphis, Tennessee 38103.

Defendant City of Memphis has a duty to operate and does so operate the Memphis Police

Department and did so at all relevant times to this cause of action.  Defendant City of Memphis,

Tennessee is the entity charged by laws of the State of Tennessee with authority to operate and

maintain a law enforcement agency known as the Memphis Police Department for which it

employs various officers, detectives and other personnel.  Defendant City of Memphis is under a

duty to ensure its policing activities are operated in a lawful manner so as to preserve the peace

of the City of Memphis, Tennessee and to preserve the rights, privileges and immunities

guaranteed and secured to its citizens by the Constitution and laws of the State of Tennessee.

Defendant City of Memphis is responsible for ensuring the establishment and enforcement of

rules, regulations, policies, procedures and customs for the City of Memphis, Tennessee and

Memphis Police Department, including training law enforcement officers and other employees of

the City of Memphis and/or Memphis Police Department and is subject to suit pursuant to 42

U.S.C. 1983.

10.  Defendant John Doe(s) and/or Defendant Jane Doe(s), hereinafter referred to as

"Defendant Officer(s)" are employed by the Defendant City of Memphis, Tennessee as police

officers and were so at all relevant times to this cause of action.  Defendant City of Memphis,

Tennessee operates the Memphis Police Department (MPD) and maintains all records of the

Memphis Police Department and the identities of "Defendant Officer(s)" cannot be ascertained,

identified, named and served with process in this cause of action due to the fraudulent

concealment of said information by Defendant City of Memphis and/or Memphis Police

Department in refusing to release the unredacted entire incident report and/or body cam(s)

relevant to this cause of action after demand for release of said information and video(s) by the

Plaintiff prior to the filing of this lawsuit.  Plaintiff states that the applicable statute of limitations

is tolled under Tennessee law due to the fraudulent concealment of material and relevant

information to this cause of action by Defendants.

11. Defendant(s) John Doe(s) and Jane Doe(s) was and/or were at all relevant times to this

cause of action, an employee and/or employees of Defendant City of Memphis, Tennessee and/or

4

Memphis Police Department and was and/or were, acting in the course and scope of his, her or

their employment with Defendant City of Memphis and/or Memphis Police Department and are

sued in their official capacities.

12.  In the alternative, "Defendant Officer(s)" were acting outside the scope of his, her or their

employment with Defendant City of Memphis, Tennessee and/or Memphis Police Department.

"Defendant Officer(s) is and/or are also sued in his, her or their individual capacity.

13.  Defendant Memphis Light Gas & Water is a municipality and a political subdivision of

the State of Tennessee and operates within Shelby County, Tennessee providing utilities and

service for said utilities and did so at all relevant times to this cause of action.  Defendant

Memphis Light Gas & Water a/k/a MLGW may be served with process by serving J.T. Young at

245 South Main Street, Memphis, TN 38103.

14.  Defendant Earnest Cartwright, Sr., at all times relevant to this Complaint was an

employee of Defendant Memphis Light Gas & Water and was acting in the course and scope of

his employment with Defendant Memphis Light Gas & Water and he is sued in his official

capacity.  In the alternative, Defendant Earnest Cartwright, Sr. was acting outside of his course

and scope of his employment with Defendant Memphis Light Gas & Water and acting in his

individual capacity.  Defendant Earnest Cartwright, Sr. is also sued in his individual capacity in

this cause.

**FACTS**

15.  On or about September 23, 2020 and/or September 24, 2020, "Defendant Officer(s)" were

dispatched to 986 Lydgate Drive, Memphis, TN or 4035 Michael Road, Memphis, TN and when

they arrived on the scene, they witnessed and found Defendant Earnest Cartwright, Sr.
(hereinafter referred to as "Defendant Cartwright") on top of and severely beating J.C. Payne, IV
who was unarmed, unconscious and totally incapacitated on the ground at the time.

16.  Defendant Cartwright admitted to "Defendant Officer(s)" on the scene that he had hit J.C.
Payne, IV with his radio and several hard objects.

17.  "Defendant Officers' had no probable cause to make the determination that J.C. Payne
had committed any crime prior to their arrival and/or in their presence.

18.  J.C. Payne did not possess any weapons of any type at the time on September 23, 2020 or
any relevant times to this complaint.

19.  J.C. Payne was unable to communicate with the "Defendant Officer(s) due to his severe
and obvious head injuries and being beat into unconsciousness.  As a result, J.C. Payne was
never able to tell or communicate his side of the story of what had happened.

20.  At the time that the "Defendant Officer(s) arrived on the scene, it was obvious and
Defendant Officer(s) knew that J.C. Payne had been beaten severely in the head and face with a
radio and/or multiple hard object(s) and there were multiple cuts on his face, head and body,
extensive bleeding on his face, head and body and obvious multiple broken bones to the face of
J.C. Payne, IV and that he was unconscious and incapacitated and unable to care for himself.

21.  At the time that the "Defendant Officer(s) arrived on the scene, it was obvious that J.C.
Payne, IV was lying on his back in the supine position, unconscious and totally incapacitated
with visible severe injuries and extensive bleeding to his head, face and ears and unable to
communicate.

22.  Based upon statements made to the "Defendant Officer(s)" by Defendant Cartwright,
and without any probable cause that J.C. Payne, IV had committed any crime, Defendant

6

Officer(s) made a seizure when he and/or they rolled J.C. Payne, IV onto his stomach in the prone position, facing straight into the ground and then hand cuffed him and left him in the prone position and/or lying flat on his stomach with his arms handcuffed behind his back, for an extensive amount of time which is captured by body cameras worn by officers of the Memphis Police Department and/or "Defendant Officer(s)".

23.  In the alternative, Plaintiff alleges that Defendant Cartwright is guilty of assault and battery against the unarmed J.C. Payne and directly and proximately causing the multiple injuries and Wrongful Death of J.C. Payne, IV by using excessive force and beating him by using his radio and other hard objects to continue to hit and beat J.C. Payne, IV in the head and face, multiple times causing multiple broken bones, broken teeth and extensive and obvious bleeding and lacerations to the head and body of J.C. Payne, IV, before and after J.C. Payne, IV was unconscious and incapacitated.

24.  In the alternative, Plaintiff alleges that Defendant Cartwright is guilty of assault and battery and excessive force against J.C. Payne, IV that directly and proximately caused the multiple injuries and extremely painful and premature death of J.C. Payne, IV on September 23, 2020 and/or September 24, 2020.

25.  Plaintiff alleges that the actions of Defendant Cartwright were grossly negligent and/or wanton which directly and proximately caused the injuries and ultimate premature Wrongful Death of J.C. Payne, IV.

26.  In the alternative, Plaintiff alleges that the actions of Defendant Cartwright were intentional and willful which directly and proximately caused the injuries and ultimate premature Wrongful Death of J.C. Payne, IV.

27.  During all relevant times after J.C. Payne, IV was rolled onto his stomach by Defendant(s)

with his arms handcuffed behind him, J.C. Payne was obviously and visibly suffering from life threatening and severe head injuries, extensive bleeding to his face and ears, broken bones to his face, broken teeth and unable to communicate due to being unconscious and/or his injuries with Payne's head facing straight down into the ground and not moving.  During this time, J.C. Payne, IV never turned his head to the side.

28.  In the alternative, Plaintiff alleges that Defendants Cartwright and "Police Officer(s)" were acting under the color of law and took no affirmative action to provide proper medical treatment and medical care to the obviously severely and critically injured J.C. Payne, IV but instead used excessive force under the color of law against J.C. Payne, IV by seizure in violations of J.C. Payne's constitutional rights when Defendant(s) physically rolled him over onto his stomach on the ground and placing his arms behind his back on the ground and handcuffing him and leaving him lying face down onto the ground for an extensive amount of time causing positional asphyxiation and directly and proximately causing his J.C. Payne's premature and extremely Wrongful Death.

29.  Plaintiff alleges that Defendants had a duty to provide adequate medical care to J.C. Payne, IV but failed to provide adequate medical care to J.C. Payne, IV, directly and proximately causing his premature and Wrongful Death in violation of the Eighth Amendment to the United States Constitution.

30.  Memphis Fire Department emergency services arrived on the scene and administered first aid and transported J.C. Payne to Methodist South Hospital where he was pronounced dead on September 23, 2020.

31.  An autopsy was performed on J.C. Payne, IV by Dr. Juliette B. Scantlebury, who is a pathologist for the West Tennessee Regional Forensic Center who opined on April 27, 2021 that

J.C. Payne, IV died as the result of Blunt Head Trauma Complicated by Probable Suffocation and J.C. Payne, IV's death was ruled a Homicide.

32.  At the time that Defendant Cartwright severely beat J.C. Payne, IV with a radio and other hard objects by violently striking him in the head and face multiple times and continuing to beat him after J.C. Payne, IV, who was unarmed, unconscious and incapacitated, Defendant Cartwright did not have probable cause or a reasonable and/or objective basis to believe that J.C. Payne, IV posed a threat of death or serious bodily injury to Defendant Cartwright.

33.  Defendant Cartwright severely beat J.C. Payne, IV about is head and face with his radio and other hard objects even after J.C. Payne, IV lost consciousness and became incapacitated and helpless.  Defendant Cartwright is guilty of the tort of assault and battery against the unarmed J.C. Payne, IV by beating him in the head or face, directly and proximately causing his Wrongful Death on September 23, 2020.

34.  Defendants acted intentionally and/or with deliberate indifference and reckless disregard to the known constitutional rights of J.C. Payne, IV, Deceased in failing to provide medical care and/or by using excessive force against J.C. Payne, IV, directly, legally and proximately causing his damages, constitutional violations and premature Wrongful Death.

35.  As a direct and proximate result of Defendants actions in this cause, J.C. Payne, IV suffered indescribable extreme pain and suffering and premature death on September 23 or 24 of 2020.

36.  "Defendant Officer(s)" made an unconstitutional seizure of J.C. Payne, IV and used inappropriate, unwarranted, unreasonable, excessive and unjustifiable force against J.C. Payne, IV, Deceased in violation of his constitutional rights under the Fourth Amendment to the United States Constitution and said constitutional violations directly and proximately caused the Wrongful Death and all other damages to J.C. Payne, IV and loss of

9

consortium to Plaintiff's Minor Children.

37.  J.C. Payne, IV, Deceased, suffered extreme pain and suffering and lost his life as a result of actions or inactions of Defendants in this cause.

38.  In the alternative, as a direct and proximate cause and/or result of the actions and/or omissions of Defendants, J.C. Payne, IV, Deceased, suffered extreme pain and suffering and suffered a premature Wrongful Death as the direct, proximate and legal cause of the violations of his constitutional rights.

39.  It was foreseeable that the decedent and his Minor Children would sustain significant damages and devastating loss as a result of the actions and omissions of Defendants.

40.  At all times relevant hereto, Defendants were acting in their official capacity as law enforcement officers for the Defendant City of Memphis and acting under color of state law.

41.  Alternatively, at all times relevant to the Complaint herein, Defendants were acting in their individual capacities.

42.  The policies, practices, customs and training of Defendant City of Memphis and/or Memphis Police Department were the driving force behind the deprivation of constitutional rights sustained by J.C. Payne, IV, Deceased.

43.  Defendant has created a custom and pattern of practice of exonerating and/or promoting deputies and/or officers who use excessive force and have allowed Memphis Police Officers to believe that they may violate the civil rights of its citizens.

44.  By failing to provide proper training and counseling for its officers, and by failing to conduct appropriate investigations and implement appropriate disciplinary action in situations where its officers violate the civil rights of its citizens, Defendant City of Memphis and/or

Memphis Police Department has created an environment within the police department where officers believe that they can do whatever they want, whenever they want, to whoever they want, irrespective of the United States Constitution.

45. Defendant City of Memphis and/or Memphis Police Department policies, customs, training and practices failed to properly train, educate and supervise Memphis Police Department officers when dealing with individuals such as J.C. Payne, IV, Deceased, regarding positional asphyxiation, directly, legally and proximately causing the constitutional violations alleged herein and causing the resulting Wrongful Death and resulting damages of J.C. Payne, IV.

46. In the alternative, Plaintiff incorporates each allegation contained within 1-45 as if stated herein in verbatim and states that Defendant Cartwright is guilty of assault and battery and Wrongful Death in beating J.C. Payne, IV with his radio and other hard objects, directly and proximately causing multiple, severe and fatal injuries to J.C. Payne, IV, including but not limited to causing broken bones in his face, critical injuries and trauma to his head and body and extensive bleeding and continuing to severely beat J.C. Payne, IV after he was unconscious and incapacitated and causing his premature Wrongful Death.

## ALLEGATIONS AGAINST DEFENDANT MEMPHIS LIGHT GAS & WATER

47. In the alternative, Plaintiff incorporates each allegation contained herein in Nos. 1-46 as if stated in verbatim and states that Defendant Memphis Light Gas & Water employed Defendant Earnest Cartwright, Sr. at all relevant times to this complaint and Defendant Earnest Cartwright, Sr. was acting in the course and scope of his employment with Defendant Memphis Light Gas & Water at all times relevant to the complaint and that Defendant Memphis Light Gas & Water is

responsible for the actions of Defendant Earnest Cartwright, Sr. pursuant to the doctrine of

respondeat superior, master servant and/or agency.  Plaintiff sues Defendant Memphis Light Gas

& Water pursuant to the Governmental Tort Liability Act codified at T.C.A. Section 29-20-101

et seq. thereby subjecting it to the liability for the acts of its agents, employees and apparent

agents and officers.

48.  Plaintiff alleges that Defendant Memphis Light Gas & Water is responsible for the

intentional torts of Defendant Earnest Cartwright, Sr. against J.C. Payne, IV because said

intentional and/or willful torts were directly and proximately caused by Defendant Memphis

Light Gas & Water's negligence and the assault and battery and the premature Wrongful Death

of J.C. Payne, IV was a foreseeable consequence of the Defendant's negligence in failing to take

reasonable precautions and to properly train Defendant Cartwright to protect the public from the

risk of assault and battery and Wrongful Death with a person such as J.C. Payne, IV.

## CIVIL RIGHTS VIOLATIONS AGAINST ALL DEFENDANTS

49.  The allegations set forth in the previous paragraphs are adopted and incorporated herein

by reference.

50.  Defendants committed the above described actions and omissions under color of law and

under color of their authority as law enforcement officers, substantially depriving J.C. Payne, IV

of his rights, privileges and immunities guaranteed to him as a citizen of the United States in

violation of 42 U.S.C. Section 1983 and deprived him of rights guaranteed to him by the United

States Constitution including but not limited to the Fourth Amendment and Eighth Amendment.

Specifically, J.C. Payne, IV was deprived of his constitutional rights by Defendants including but

not limited to freedom from unlawful seizure of her person, freedom from the use of unjustified

and excessive force and duty to provide medical care.

51.  At the time of J.C. Payne's beating, seizure and premature death, Defendants had no

proper policy or custom regarding handling individuals such as J.C. Payne, IV and positional

asphyxiation and did not provide adequate training and supervision in the appropriate manner

and means to handle such situations as the one encountered with J.C. Payne, IV as alleged in this

Complaint.  Even if the Defendants had a policy, custom and/or practice regarding such

situations, the Defendants improperly trained and/or supervised it officers, thereby allowing such

police misconduct to occur.

52.  The unreasonable and excessive force used against J.C. Payne, IV, Deceased, by

Defendants through seizure and by arresting and rolling J.C. Payne, IV onto his stomach, with

his arms handcuffed behind his back and his face to the ground for an extensive period of time

when he is obviously seriously and critically injured with multiple head and face wounds,

extensive bleeding, multiple broken facial bones while lying unconscious and not moving,

unarmed and incapacitated, deprived him from his Constitutional right to be free from

unreasonable and excessive force and unreasonable seizure through means intentionally

applied under the Fourth Amendment of the United States Constitution.  Plaintiff avers and

alleges that Defendants knew to a moral certainty that the seizure, hand cuffing and rolling over

face down of J.C. Payne, IV, Deceased, as means intentionally applied to seize him were likely

to cause severe injury or death to J.C. Payne, IV, which it did on September 23, 2020.

53.  Defendants were not justified in their seizure and use of force and further could not have

believed in good faith that said seizure and force were warranted.

54.  The injuries and premature death of J.C. Payne, IV could have been avoided had the

Defendant City of Memphis and/or Memphis Police Department provided adequate training as to

the proper use of excessive force and/or handling a situation with an individual such as J.C. Payne, IV.

55.  Defendants were on notice of the constitutional violations alleged herein by Defendants "Police Officers."

56.  As a direct and proximate cause and/or result of the actions and omissions of Defendants, J.C. Payne, IV was killed and his rights under the Fourth Amendment and the Eighth Amendment of the United States Constitution were violated and he suffered damages and a premature Wrongful Death.

57.  On or about September 23, 2020, Defendants violated the constitutional rights of J.C. Payne, IV, Deceased, when Defendants, acting under color of state law, used excessive force and violated the constitutional rights of J.C. Payne when Defendants seized and arrested J.C. Payne, IV using unlawful and unconstitutional excessive force under the Fourth Amendment to the United States Constitution when J.C. Payne, IV, Deceased, had not committed any crime in the presence of Defendants, was not armed, was incapacitated, did not pose an immediate threat of death or serious bodily injury to the Defendants, nor any one on the scene but "Police Officers" seized and arrested J.C. Payne, IV and rolled him onto his stomach and handcuffed him with his hands behind his back, lying face down on the ground with his obvious visibly injuries to his head, face and body causing positional asphyxiation and directly and proximately causing the Wrongful Death and all damages of J.C. Payne, IV and Plaintiff's loss of consortium claim for his three Minor Children.

58.  Plaintiff alleges that Defendant's customs, policies and practices directly and proximately caused the Defendants to violate the constitutional rights of J.C. Payne, IV, Deceased, which directly and proximately caused the Defendants unlawful seizure of J.C. Payne, IV, proximately

14

and directly causing his Wrongful Death, Constitutional Violations and resulting damages.

59.  Plaintiff alleges that Defendant City of Memphis and/or Memphis Police Department did

not train its officers and deputies as to how to properly handle individuals such as J.C. Payne, IV,

Deceased, who are obviously suffering visible severe injuries to his head, face and not resisting

and the dangers of positional asphyxiation, such as occurred to J.C. Payne, IV.

60.  Plaintiff alleges that Defendants' violations of J.C. Payne's constitutional rights

regarding his Fourth Amendment Right to be free from unlawful seizures and/or excessive force

and/or J.C. Payne's Eighth Amendment Right constitutional right to receive medical care after

his seizure, directly, legally and proximately caused the Wrongful Death and resulting

Constitutional damages of J.C. Payne, IV, Deceased and Plaintiff's three Minor Children

in this cause.


## DAMAGES


As a direct and proximate cause and/or result of the alleged constitutional violations,

Tennessee state law violations and Tennessee Wrongful Death violation by Defendants,

J.C. Payne, IV suffered great pain and suffering and died on September 23, 2020 and

Plaintiff's Minor Children were injured for life.  Plaintiff seeks all compensatory damages

available under the law including but not limited to damages for constitutional violations,

Wrongful Death, extreme pain and suffering, funeral expenses, medical expenses, pecuniary

value of the life of J.C. Payne and the loss of society and companionship and consortium for

Plaintiff.

**PREMISES CONSIDERED Plaintiff prays and demands as follows:**

1.  That a copy of this Complaint be served upon the named Defendants and that they be required to answer this Complaint.

2.  That Plaintiff, on behalf of the Three Minor Children be awarded compensatory damages in the amount of $10,000,000.00 (Ten Million Dollars)

3.  That Plaintiff, on behalf of the Three Minor Children be awarded punitive damages in the amount of $10,000,000.00 (Ten Million Dollars)

4.  That Plaintiff, on behalf of the Three Minor children have such other relief, both general and specific to which she may be entitled to at law or equity plus attorney fees, interest and the costs of this cause.

4.  That Plaintiff, on behalf of the Three Minor Children be awarded all reasonable attorney fees and costs in this cause.

**JURY TRIAL DEMANDED**

Respectfully submitted,

/s/Daniel A. Seward
Daniel A. Seward  (#13411)
Seward Law Firm
Attorney for Plaintiff
4510 Chickasaw Road
Memphis, TN 38117
(901) 647-5848

17