IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ESTATE OF J.C. PAYNE, IV,

    PLAINTIFF

VS.                                      CIVIL ACTION NO.: 2:21-cv-02539

CITY OF MEMPHIS, TENNESSEE,
EARNEST CARTWRIGHT, SR. and
MEMPHIS LIGHT GAS & WATER
AKA MLGW and JOHN DOE POLICE
OFFICERS 1-10,

    DEFENDANTS.

---

SUSAN SIMS, AS NATURAL MOTHER,
NEXT FRIEND, NEXT OF KIN AND
ON BEHALF OF J.C. PAYNE, V, A MINOR
AND JAYDEN PAYNE, A MINOR AND
JAYDA PAYNE, A MINOR, AS MINOR
CHILDREN AND STATUTORY
WRONGFUL DEATH BENEFICIARIES
OF J.C. PAYNE, IV, DECEASED,

    PLAINTIFF,

VS.                                        CIVIL ACTION NO.: 2:21-cv-02597
                                        JURY DEMANDED

CITY OF MEMPHIS, TENNESSEE,
JOHN DOE AND/OR JANE DOE MEMPHIS
POLICE OFFICER(S) AND
MEMPHIS LIGHT GAS & WATER AND
EARNEST CARTWRIGHT, SR.,

    DEFENDANTS.

**PLAINTIFF'S, ESTATE OF J.C. PAYNE, IV'S, MEMORANDUM IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF SUSAN SIMS, AS NATURAL MOTHER, NEXT FRIEND, NEXT OF KIN AND ON BEHALF OF J.C. PAYNE, V, A MINOR AND JAYDEN PAYNE, A MINOR AND JAYDA PAYNE, A MINOR, AS MINOR CHILDREN AND STATUTORY WRONGFUL DEATH BENEFICIARIES OF J.C. PAYNE, IV, DECEASED'S MOTION TO DISMISS ESTATE OF J.C. PAYNE, IV**

COMES NOW, Plaintiff, the Estate of J.C. Payne, IV, by and through Juan T. Williams, Attorney, and files this Memorandum in Support of its Response in Opposition to Plaintiff Susan Sims, as Natural Mother, Next Friend, Next of Kin and on Behalf of J.C. Payne, a Minor, as Minor Children and Statutory Wrongful Death Beneficiaries of J.C. Payne, IV, Deceased's Motion to Dismiss Estate of J.C. Payne, IV and would show as follows:

I.     INTRODUCTION

Plaintiff Susan Sims, as Natural Mother, Next Friend, Next of Kin and on Behalf of J.C. Payne, a Minor, as Minor Children and Statutory Wrongful Death Beneficiaries of J.C. Payne, IV, Deceased's Motion to Dismiss Estate of J.C. Payne, IV argument is flawed for four reasons. The first reason is that she attempts to state that the judgment was supposed to be sought for all three minor children, but all three children are solely named in the estate as either beneficiaries or potential beneficiaries.

The second reason is that she states there is good cause to remove the administrator but does not give the reasons.

The third reason is that she states that children have priority to bring the action, but the action is being brought by the natural mother not the children.

On or around September 24, 2020, J.C. Payne died while in the custody of the City of Memphis Police Department Officers following injuries by a Memphis Light Gas and Water

employee.

    II.      ANAYLSIS

        a.  The First Reason

The first reason is that she attempts to state that the judgment was supposed to be sought for all three minor children, but all three children are solely named in the estate as either beneficiaries or potential beneficiaries. Attached to the original Motion to Dismiss the complaint of Susan Sims is an Order on Petition for Appointment. *See* Doc. 32, Ex. 3. Ms. Sims had notice that the probate estate was opened and that her children were named as the only potential heirs of J.C. Payne, IV as she received notice of the proceeding. *See* Doc. 32, Ex. 2. Even though she had actual notice that her children are named as the beneficiaries, she attempts to state they are not named as beneficiaries. It makes no sense.

        b.  The Second Reason

The second reason is that she states there is good cause to remove the administrator but does not give the reasons. The party must show negligence, bad faith or misconduct in order to require the substitution of the administrator in the prosecution of the claim. *Busby v. Massey*, 686 S.W.2d 60, 62 (Tenn. 1984). The only reason Ms. Sims gives is that the children were not named in the lawsuit. The issue here remains the same. They are named in the probate case as potential beneficiaries for the Estate of J.C. Payne, IV. The two youngest children have not submitted proof of parentage by J.C. Payne, IV even though she has notice of the probate matter. If at any time prior to the petition to determine heirs being heard Ms. Sims proves parentage of the younger two children, they will be heirs in the probate matter. She just has not taken the initiative to do it.

        c.  The Third Reason

The third reason is that she states that children have priority to bring the action, but the action is being brought by the natural mother not the children.  A personal representative is third in line to act on behalf of an individual in a wrongful death case. *Busby v. Massey*, 686 S.W.2d 60, 63 (Tenn. 1984).  The only people whose rights supersede it are his surviving spouse and his adult children.   Ms. Sims does not address the precedent set forth in *Busby* as it directly addresses this very situation.  *Id.*

**WHEREFORE, PREMISES CONSIDERED,** the complaint filed by Susan Sims, as Natural Mother, Next Friend, Next of Kin and on Behalf of J.C. Payne, V, a minor and Jayden Payne, a minor and Jayda, a minor, as minor children and statutory wrongful death beneficiaries of J.C. Payne, IV, deceased be dismissed.  In addition to dismissal, that the movant prays for their reasonable fees, costs and expenses.

Respectfully submitted this the 20th day of December 2021.

ATTORNEYS FOR PLAINTIFF

**/s/ Juan T. Williams**
Juan T. Williams (BPR # 27626)
**PERRYGRIFFIN, P.C.**
**5699 Getwell Road, Building G5**
**Southaven, MS 38611**
**662-536-6868**
**jw@perrygriffin.com**

## **CERTIFICATE OF SERVICE**

    I, Juan T. Williams, attorney of record for Plaintiffs, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *PLAINTIFF'S, ESTATE OF J.C. PAYNE, IV'S, MEMORANDUM IN SUPPORT OF THE RESPONSE TO MOTION TO DISMISS THE COMPLAINT OF PLAINTIFF ESTATE OF J.C. PAYNE, IV AND SUSAN SIMS, IN HER REPRESENTATIVE CAPACITY* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

    **DATED** this 20TH day of December 2021.

                                                       **/s/ Juan T. Williams**
                                                        Juan T. Williams